(Decided 24th June, 1874.)

---

## NICHOLAS G. PENNIMAN *vs.* FRANCIS B. LONEY.

*When a claim of Set-off will not be allowed.*

On the 1st of January, 1871, a co-partnership, of which the appellee was a member, was formed under the name of F. B. Loney & Co. Towards the close of 1871, the firm failed. On petition of one of the partners, a receiver was appointed to take possession of the effects, and collect the outstanding debts due the firm. Petitioning creditors were then admitted as parties, and a subsequent order was passed with the assent of the creditors, directing the receiver to convey to the appellant upon the payment of a specified sum, all the stock, assets and property of the firm as set forth in the receiver's report. Prior to the formation of the foregoing partnership, a firm had existed of the same name, in the same business, and at the same place, of which the appellee was likewise a member, and had become the sole proprietor by purchase of the interest of the other partners, who were not members of the subsequent firm. A question arose between the appellant and the appellee, as to whether certain debts due to the old firm, of the estimated value of $2500, constituted part of the assets of the new firm, and passed to the appellant under his purchase and deed from the receiver. This Court decided that these debts did not constitute a part of the assets

of the new firm, and did not therefore pass to the appellant under the receiver's deed, and remanded the case for further proceedings. Pending the appeal, the appellant collected from the debts due the old firm, and to which by the decision of this Court, he was not entitled, the sum of $2500, and against this sum, in his hands, due to the appellee, he claimed to set-off an alleged indebtedness of the old firm, to the new firm and which passed under the receiver's deed to him. HELD:

That the set-off could not be allowed, the claims not being reciprocal, and not existing in the same right.

APPEAL from the Circuit Court of Baltimore City.

To the case as stated in the opinion of this Court, it may be added that after the Circuit Court passed the order of the 19th of July, 1873, the appellee moved for an attachment against the appellant for not obeying said order. The appellant answered, denying any contempt on his part, of the Court, or of its order, and alleging that he was then engaged in further examining the property remaining in his hands, a large part of which belonged to the respondent, in order to ascertain and separate therefrom that which he had a right to retain. He, however, claimed the right to apply certain money in his hands which he had collected, to a debt due him by the appellee, which greatly exceeded in amount the money so in his hands.

Pending the application for an attachment, the appellant filed a petition alleging that a large sum of money was due him from the appellee, as the representative of the firm of F. B. Loney & Co., of 1870, and that the petitioner had filed a bill to ascertain the exact amount of such indebtedness; that he had collected and held in his hands about $2500 of debts due said firm, which had been awarded to him by the decree of the Circuit Court; that subsequently said decree had been reversed by the Court of Appeals, and since such reversal, the appellee had claimed said collections, in disregard of the petitioner's

rights. The petitioner claimed the right to set-off against any money which had come into his hands, arising from the collections of debts due the said firm of F. B. Loney & Co., of 1870, the debt due to him by the appellee as representative of the firm of 1870, and prayed the Court "to pass an order authorizing him to set-off his debt as aforesaid."

The appellee answered. He denied any indebtedness to the petitioner; admitted the collection of moneys by the petitioner, but denied his right of set-off, as also his right to file a petition touching the matters therein alleged, while he was in contempt of the order of the Court of the 19th of July, 1873, for which contempt a motion for attachment was then pending.

The Court, (PINKNEY, J.,) on the 18th of August, 1873, passed an order dismissing the petition. From this order as also from the order of the 19th of July, 1873, this appeal was taken.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Robert A. Dobbin* and *Frederick W. Brune*, for the appellant.

The order of July 19th was improper, inasmuch as it did not refer the case to the auditor to ascertain what property was covered by the decision of the Court of Appeals, and whether the same embraced the money which had been collected by the appellant as aforesaid.

The order of 18th August, was improper in disregarding the claim or right of set-off, set up in the appellant's answer to the motion for an attachment for contempt, as well as in his subsequent petition. *Clarke vs. Magruder,* 2 *Har. & John.,* 77; *Foley vs. Mason,* 6 *Md.,* 37; *Peters vs. Cunningham,* 10 *Md.,* 554; *Gay vs. Gay,* 10 *Paige,* 369; *Waterman on Set-Off,* 424, 440.

*Benjamin C. Barroll*, for the appellee.

The Circuit Court having passed its decree in conformity with the decision and decree of the Court of Appeals, such decree was final, and not the subject of further review.

The order of August 18th, 1873, was not such an order as entitled the petitioner to appeal from it, and the appeal should therefore be dismissed.

The appellant's petition was rightfully dismissed. He was in contempt of the authority of the Court at the time.

The answer of the respondent denied all indebtedness, and thus deprived the petitioner of all the right and equity intended to be the basis of his petition. The petitioner elected to go to a hearing upon the petition and answer, and the averments of the answer must be taken as true. But beyond all this, Penniman had no right to intervene by petition, after a final decree, which decided the right of the respective parties; if this were allowed, *final* decrees would never be final, and causes could be prolonged indefinitely by vexatious proceedings, and appeals taken merely for delay.

ROBINSON, J., delivered the opinion of the Court.

On the first day of January, 1871, a co-partnership in the hardware business was formed under the name of F. B. Loney & Co., consisting of Francis B. Loney, Irwin Neale, Jerome W. Price, Richard B. Gunn, John J. Hoof and B. Gordon Thomas. In the latter part of the same year the firm became embarrassed and failed. Upon the petition of B. Gordon Thomas, one of the partners, a receiver was appointed to take possession of the effects, and collect the outstanding debts due the firm. Petitioning creditors were then admitted as parties, and a subsequent order was passed, with the assent of the creditors, directing the receiver to convey to the appellant, upon the payment of sixty thousand dollars, all the stock, assets, and property of the firm, as set forth in the receiver's report.

After these proceedings, to which no objection was made, a dispute arose between the appellant and the appellee in regard to what constituted the assets of the firm. It appears that prior to the formation of the partnership of January 1st, 1871, a firm had existed of the same name, in the same business and at the same place, composed of *Loney, Findlay & Roberts,* of which the appellee had become the *sole proprietor,* by purchase of the interests of Findlay & Roberts, the other partners. The question in controversy was, whether certain debts due to this antecedent or old firm of the estimated value of $2500, passed to the appellant, under his purchase and deed from the receiver. In the former appeal, this Court decided that these debts did not constitute part of the assets of the new firm of January 1st, 1871, and did not therefore pass to the appellant, under the receiver's deed.

The cause was remanded for further proceedings, and on the 19th of July, 1873, the Court below passed an order directing the appellant to return all books and property taken possession of under the receiver's deed, and which did not constitute a part of the assets of the firm of January 1st, 1871.

In the meantime, while the former appeal was pending in this Court, the appellant collected from the debts due *the old firm,* and to which by the decision of this Court, *he was not entitled,* the sum of *twenty-five* hundred dollars, and against this sum now in his hands due to the appellee, he claims to set-off an alleged indebtedness of the old firm of Loney & Co., to the new firm, and which passed under the receiver's deed to him.

Courts of equity are governed by the same rules in regard to set-off as Courts of law, and to entitle a party to set-off, the debts must be mutual, and exist between the parties in the same right. A *separate debt* cannot be set-off against a joint debt, nor a joint debt against a separate debt. In *Hall's Admr. vs. Creswell,* 12 *G. & J.,* 51, on

appeal from a Court of equity, this Court said, "the right of set-off is reciprocal, and mutual claims and such as are in the same right, can alone be set-off." According to these well settled rules, it is very clear that the set-off claimed by the appellant was properly disallowed. He admits in his answer and petition, that he had collected twenty-five hundred dollars, which, in the former appeal, it was decided belonged to the appellee. For this amount, he was individually indebted to the appellee. Now against this indebtedness, he claims to set-off not an indebtedness of the *appellee to him*, but an alleged indebtedness of the *old firm of Loney & Co.*, to the *new firm of* 1871. The assets of the old firm are not now, nor have they been before this Court, except so far as to enforce the delivery of its books and papers, which the appellant through mistake had taken possession of, under the receiver's deed. Its assets, whatever they may be, constitute a fund, to be applied first to the payment of the *partnership debts.* The appellant being individually indebted to the appellee as the representative of the old firm, for money had and received, cannot set-off in this proceeding against this indebtedness, an alleged *indebtedness* of the old firm to the new firm of 1871. The claims are not reciprocal, nor do they exist in the same right.

If there were no other objections to the set-off claimed by the appellant, we think on these grounds, it was properly disallowed, and the orders of July 19th, 1873, and August, 1873, will be affirmed.

*Order affirmed.*

(Decided 24th June, 1874.)