(Decided June 29th, 1898.)

---

## MARY A. BERGER ET AL. *vs.* THOMAS R. CLENDINEN.

*Equity Practice—Final Ratification of Auditor's Account —Set-Off.*

When an auditor's report in an equity cause is finally ratified without appeal taken no objection can afterwards be made to the amounts therein directed to be paid.

When an estate is in course of distribution in an equity proceeding and a party to the cause owes money to the estate, and the estate at the same time owes that party a certain sum, he is entitled to set off the one indebtedness against the other and pay only the difference to the estate, if the balance is against him.

Appeal from orders of Circuit Court Number Two, of Baltimore City (STOCKBRIDGE, J.).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ.

*D. Meredith Reese*, for the appellants.

*Thomas G. Hayes*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This controversy arises upon exceptions to an auditor's report and accounts, distributing that part of the estate of Mary E. Fechtig, of Baltimore City, in the hands of Samuel K. Dashiell, trustee, who is one of the appellants, and was due from the sale of certain houses, which had been purchased by Thomas R. Clendinen, the appellee. The residue of the estate had been distributed by a previous audit, dated the 21st of May, 1896, and ratified by the Court. A statement of the facts will be necessary to a clear understanding of the case.

Mary E. Fechtig died sometime in the year 1893, leaving a last will and testament in which she disinherited her relatives and devised her entire estate to strangers in blood. The will was successfully contested by her heirs at law. It appears by an agreement and assignment in writing between the heirs at law and Mr. Thomas G. Hayes, of Baltimore City, who was employed to caveat the will, that the latter was to receive for his professional services, if the caveat to the will was sustained, a contingent fee of one-fourth of the entire estate. Mr. Clendinen, the appellee, was employed by Mr. Hayes to assist in this litigation. After the will was set aside, the Circuit Court of Baltimore City assumed charge of the distribution and settlement of both the real and personal estate. The appellant, Mr. Dashiell, was appointed trustee for the sale of the real estate and was also administrator of the personalty. In the auditor's report and account A, Mr. Clendinen, the appellee, was allowed the sum of $2,371.86, as assignee of Mr. Hayes, for the contract and assignment. It further appears that certain exceptions were filed to the ratification of the auditor's account, and specially to the allowance of the $2,371.86 to Mr. Clendinen for the reasons as stated that the assignment under which the said Thomas R. Clendinen claims the sum of money has not

been filed in the case, " nor is there anything in the case which shows that he is entitled to this sum of money." These exceptions were dismissed by the Court on the 21st of May, 1896, after a hearing and argument and the report finally ratified and confirmed and the trustee was directed to apply the proceeds, according to the audit.

There was no appeal from this order and it stands unrevoked by any subsequent order of Court.    Subsequently on the 12th of June, 1896, Mr. Clendinen filed a petition asking among other things for an account distributing the proceeds of the property purchased by him, and also for an accounting between himself and Mr. Dashiell, the trustee.   This petition was answered by the trustee and, after testimony taken, the matter was referred to the auditor, and accounts D, E, F and G were stated.   These accounts were rejected by the Court upon exceptions filed after testimony taken and argument had, and on the 26th of March, 1897, new accounts were directed to be stated in conformity with certain instructions of the Court.   In the order of Court the auditor was directed among other things, " that in the restatement of the account between the said Samuel K. Dashiell, trustee, and the said Thomas R. Clendinen, as purchaser, that the said Clendinen as purchaser be allowed as credits on account of the purchase money, in addition to the allowance of $13.20 rent collected by the trustee, the proportion of water rent and taxes, and the payment of $200 already made on account of the purchase money, the further sum of $500, being the amount of the fee allowed the said Clendinen by order of Court for services rendered in this cause; and also the one-fourth part, or twenty-five *per centum* of the net amount of said estate which is to be distributed and to which the said Clendinen is entitled under and by virtue of the assignments of August 1, 1894, from James B. Berger et al. to Thomas G. Hayes, of August 9th, 1894, from George H. Berger et al. to Thomas G. Hayes, and of the assignment by the said Thomas G. Hayes to the said Thomas R. Clendinen; this last allowance of credit

to be subject to the payments, if any, already made either to the said Thomas G. Hayes or Thomas R. Clendinen, in conformity with the terms of the assignment." And from this order and the orders dated January 15th, 1898, overruling exceptions to the new accounts, H and J, and to their ratification, this appeal has been taken. The question then presented on this appeal is whether Mr. Clendinen, the appellee, was entitled to the allowance of one-fourth of the estate, as assignee of Thomas G. Hayes, and to a fee of $500, as credits on the purchase money of the two houses purchased by him.

There can be no question, that the audit of the 21st of May, 1896, when ratified and confirmed, had the effect of an adjudication *in rem*, and the matters embraced in it are *res adjudicata*. *Thruston* v. *Devecmon*, 30 Md. 210; *Owings* v. *Rhodes*, 65 Md. 408; *Taylor* v. *State*, 73 Md. 208. It will be seen by an examination of account A that these items appear: " To Thomas R. Clendinen, Assignee, of Thomas G. Hayes, as per contract and assignment, filed for ¼ balance, $2,371.86," and also " to fee to Thomas R. Clendinen, as per order of Court, of July 22, 1895, $500." This account A was finally ratified and confirmed by the Court on the 21st of May, 1896, and no appeal was taken therefrom.

The effect of this order was clearly to settle the rights of the respective parties and operated as a final adjudication of the questions involved in the litigation. *Lee* v. *Admr's of Boteler & Belt*, 12 G. & J. 323; *Seldner* v. *McCreery*, 75 Md. 287. This order having determined the indebtedness between the parties, we can see no objection to the allowance of these amounts as a credit on the Clendinen purchase, as directed by the Court below. As stated by the appellee in his brief, when a party to an equity suit owes an estate in Court for distribution and at the same time that estate owes him a certain sum he is certainly, under the well recognized rule of set-off, entitled to set off the one against the other and pay only the difference to the estate if the balance is against him. *Smith* v. *Washington Gas Light Co.*, 31 Md. 12; *Penniman* v. *Loney*, 40 Md. 471; *Ogle* v.

*Taylor,* 49 Md. 158.   We have not overlooked the other questions and matters discussed by the counsel in this case, but this is all that we deem it necessary to say in this opinion.   For the reasons we have given the orders appealed from will be affirmed.

*Orders affirmed with costs.*

(Decided June 29th, 1898.)